UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:16-CR-00162-DJH-LLK

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF/RESPONDENT**

v.

**JASON MOSS**                                                                                        **DEFENDANT/MOVANT**

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This matter is before the Court on Movant Jason Moss' motion to vacate under 28 U.S.C. § 2255, to which the United States responded in opposition, and Movant replied. (Dockets # 36, 51, 52.) The Court referred the matter to the undersigned Magistrate Judge for findings of fact and recommendation pursuant to 28 U.S.C. § 636 (Docket # 42), and it is ripe for determination.

Because Movant's claims are without merit, the RECOMMENDATION will be that the Court DENY Movant's Section 2255 motion (Docket # 36).

### Background facts and procedural history

On May 24, 2017, Movant was charged in a superseding information with receipt of child pornography on or about and between February 19, 2015 and February 23, 2015, in violation of 18 U.S.C. § 2252A(a)(2)(B) (Count 1). (Docket # 22.) Additionally, Movant was charged with possession of child pornography on or about May 6, 2015, which was "different than that charged in Count 1," in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2). (*Id.*)

On May 24, 2017, Movant entered into a written plea agreement in which he agreed to plead guilty to Counts 1 and 2 in exchange for the United States' agreement, at the time of sentencing, to agree that a sentence of 87 months' imprisonment is the appropriate disposition of this case. (Docket # 24, Paragraph 11.)

On May 24, 2017, Movant pled guilty. (Transcript, change of plea hearing, Docket # 46.) The Court established a factual basis for Movant's crimes. (*Id.* at 170-71.)[1] Movant admitted that the pornographic images he possessed (Count 2) were different from the ones he received (Count 1) and that he acquired them on different dates. (Docket # 46 at 151, 160, 170).

On November 6, 2017, the Court sentenced Movant. The Court stated that "I have … accepted the binding plea agreement, and I have granted a motion at the bench, thus reducing by two levels the resulting guideline range calculation, which results in a sentence of 87 months." (Docket # 48 at 182.)[2] The Court sentenced Movant to 87 months' imprisonment on each count to run concurrently for a total sentence of 87 months' imprisonment. (Id. at 180.)

Movant makes three claims: 1) Trial counsel was ineffective prior to entry of his pleas of guilty; 2) Double Jeopardy was violated because he was convicted of both receiving and possessing child pornography; and 3) Prosecutorial misconduct occurred when the United States (improperly) led him to believe that it would recommend a sentence of less than 87 months if he offered the United States substantial assistance (in prosecuting another person). (Docket # 36 at 129.)

---

[1] Regarding Count 1, between February 19, 2015 and February 23, 2015, Movant admitted that he used a peer-to-peer computer program to acquire child pornography files from other people over the internet. (Docket # 46 at 170.) Movant knew that he was obtaining images of children engaging in sexually explicit conduct. (*Id.*)

Regarding Count 2, on May 6, 2015, law enforcement officials executed a search warrant on Movant's residence and seized a computer. (*Id.*) Later forensic examination of the computer revealed the presence of numerous files containing child pornography. (*Id.*) Movant acquired those images on dates other than February 19, 2015 through February 23, 2015. (*Id.*) Movant used the internet to obtain those images as well. (*Id.*)

[2] At the bench conference, the Court granted the United States' motion under United States Sentencing Guidelines (U.S.S.G.) § 5K1.1 (in light of Movant's substantial assistance to the United States) and reduced Movant's total offense level by 2, which "gets [Movant] to the [Guidelines] level necessary to get to the 87-month sentence that … the U.S. and [Movant] agreed to." (Docket # 49 at 187.)

**Standard of review**

Under 28 U.S.C. § 2255, a prisoner in custody may move the court that imposed the sentence to vacate, set aside, or correct that sentence on grounds that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28 U.S.C. § 2255(a). Where the movant alleges constitutional error, to warrant relief, the error must be one of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors, on the other hand, are generally outside the scope of § 2255 relief and only merit relief if the movant establishes a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348 (1994); *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).

**Claim 1**

Movant's first claim is that trial counsel was ineffective prior to entry of his pleas of guilty. (Docket # 36 at 129.)[3] The written plea agreement expressly allowed Movant to raise an ineffectiveness claim in a Section 2255 motion. (Docket #24, Paragraph 12.). In his reply to the United States' response in opposition to his Section 2255 motion, Movant states that he "wishes to withdraw his ineffective assistance of counsel claim at this time." (Docket # 52 at 226.) As explained below, regardless of the withdrawal, Movant waived his pre-plea ineffectiveness claims when he pled guilty.

---

[3] In his own words, Movant argues as follows (Docket # 36 at 129):

Ground one: Denial of effective assistance of counsel

Supporting facts: Failure by defense counsel to challenge search/seizure events, failure to suppress evidence, failure to challenge jurisdictional errors, failure to move for dismissal, failure to challenge criminal complaint affidavit, failure to exercise speedy trial issues, failure to follow [Movant's] instructions. [Movant's] varied and numerous claims were routinely rejected by appointed counsel who failed to raise these issues or defend against them in court.

Claims about the deprivation of constitutional rights that occurred before a defendant pled guilty are generally foreclosed by that plea. *United States v. Gahan*, No. 1:15-cr-28, 2018 WL 5603535, at *8 (W.D. Mich. Oct. 30, 2018) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989) and *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). In *Tollett*, the United States Supreme Court explained the rationale for the pre-plea waiver rule:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel [to plead guilty rose to the level of ineffective assistance of counsel].

411 U.S. at 267. In other words, a knowing and voluntary guilty plea waives all non-jurisdictional defects in the proceedings, including claims of ineffective assistance of counsel that do not relate to the voluntariness of the plea. *Gahan* (citing *United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001)); *see also Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. July 15, 2016) ("Claims of pre-plea ineffective assistance not relating to the acceptance of the plea are waived under the ... *Tollett* rule."). Movant's claims of pre-plea ineffectiveness are waived under the *Tollett* rule.[4]

### Claim 2

Movant's second claim is that Double Jeopardy was violated because he was convicted of both receiving and possessing child pornography. (Docket # 36 at 129.)[5] The United States argues that Movant

---

[4] Movant's claim that counsel failed to challenge jurisdictional errors is waived – not by his guilty pleas but -- by his failure to identify any specific jurisdictional error. *See Thomas v. United States*, 849 F.3d 669, 679 (6th Cir. 2017) (Movant "waives issues that he adverts to in a perfunctory manner, unaccompanied by some effort at developed argumentation.").

[5] In his own words, Movant argues as follows (Docket # 36 at 129):

Ground two: Conviction obtained by a violation of the protection against double jeopardy.

Supporting facts: Precedent has been established that possession of child pornography and receiving child pornography violate the rule of double jeopardy and is therefore unconstitutional.

waived a Double Jeopardy challenge and, alternatively, that the Double Jeopardy Clause does not apply to the charges against Movant. (Docket # 51 at 212.) For the reasons below, Movant's Double Jeopardy claim is without merit but is not waived.

### a. The merits

Under the Fifth Amendment's Double Jeopardy Clause, a defendant cannot be put "in jeopardy of life or limb" twice for the same offense. *See* U.S. Const. Amend. V. ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test for whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

In *United States v. Ehle*, 640 F.3d 689 (6th Cir. 2011), the Sixth Circuit applied *Blockburger* and held that, as a starting point (absent additional factors), possession of child pornography is the lesser-included-offense of receipt of child pornography as the possession provision (18 U.S.C. § 2252A(a)(5)(B)) does not necessarily require proof of any fact that the receiving provision (18 U.S.C. § 2252A(a)(2)(B)) does not. This is because "one obviously cannot 'receive' an item without then also 'possessing' that [same] item, even if only for a moment." *Ehle* at 695. Consequently, convicting a defendant for both offenses violates the Double Jeopardy Clause unless the convictions stem from different acts or transactions. *Id.* at 694-96. In *United States v. Faulkner*, 730 F. App'x 325 (6th Cir. 2018), the Sixth Circuit applied *Ehle*, and explained that relevant factors for determining whether there are different acts or transactions include whether or not: "(1) the offenses took place on different dates; (2) [the defendant] received his [pornographic] photographs through the internet but possessed them on [or transferred them to a different medium such as] the media card of his cell phone; and (3) the offenses involved different pornographic images." *Id.* at 329. *Faulkner* held that, in Faulkner's case, the first and second

5

factors were insufficient to support convictions of both possession and receipt and remanded the matter for the district court for consideration of the third factor. *Id.* at 330.[6]

Movant admitted that the pornographic images he possessed (Count 2) were different from the ones he received (Count 1) (factor three) and that he acquired them on different dates (factor one). (Docket # 46 at 151, 160, 170). Therefore, Movant's convictions of both receipt and possession of child pornography stemmed from different acts or transactions and did not violate Double Jeopardy.

### b. Waiver and procedural default

Movant arguably waived his Double Jeopardy claim at three separate times during the criminal trial process. First, Movant arguably waived the claim when he entered into a plea agreement that provided that he waived a 2255 challenge based on any claim except for ineffective assistance of counsel and prosecutorial misconduct. (Docket # 25, Paragraph 12; Docket # 46 at 165, 167.) "[A]llegations related to [a pro-se 2255 movant's] double jeopardy claim [may] be liberally construed as a claim for ineffective assistance of counsel for failure to bring the double jeopardy claim." *Hawkins v. United States*, No. 1:06CR-00064-JHM, 2013 WL 4648314, at *2 (W.D. Ky. Aug. 29, 2013). Second, Movant arguably waived his Double Jeopardy claim when he pled guilty. In *United States v. Ehle*, 640 F.3d 689 (6th Cir. 2011), Ehle, like Movant, claimed that Double Jeopardy was offended by "charges of 'receiving' and 'possessing' the same child pornography" in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (a)(5)(B). *Id.* at 693. Ehle did not, however, waive the claim by pleading guilty because, "judged from the face of the indictment and the record existing at the time the plea was entered, the charge [was arguably] one that the government could not constitutionally prosecute under the Double Jeopardy Clause." *Id.* (citing *United*

---

[6] In his reply, Movant cites *United States v. Morrissey*, 895 F.3d 541 (8th Cir. 2018) as supporting his position. (Docket # 52 at 227.) The Eighth Circuit vacated Morrissey's conviction of the lesser-included offense of possession of child pornography on Double Jeopardy grounds because "the jury could have convicted Morrissey of both receipt and possession based on the same image or images found on the Dell laptop." *Id.* at 548. *Morrissey* is consistent with the view expressed in *Ehle* and *Faulkner* that often the dispositive issue is whether the pornographic image(s) and/or video(s) were same or different. *Morrissey* does not support Movant's argument.

6

*States v. Broce*, 488 U.S. 563, 575-76 (1989)).  Third, Movant arguably procedurally defaulted his Double Jeopardy claim when he failed to raise it on direct appeal.  However, Movant remains free to argue that ineffective assistance of counsel excuses the default.  *Corral v. United States*, 562 F. App'x 399, 403 (6th Cir. 2014) (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986) and *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)).  In such a case, "the cause and prejudice inquiry merges with an analysis of the merits."  *Id.*

**Claim 3**

Movant's third and final claim is that prosecutorial misconduct occurred when the United States (improperly) led him to believe that it would recommend a sentence of less than 87 months if he offered the United States substantial assistance (in prosecuting another person).  (Docket # 36 at 129.)[7]  The written plea agreement expressly allowed Movant to raise a prosecutorial misconduct claim in a Section 2255 motion.  (Docket #24, Paragraph 12.).

The United States had two ways of rewarding Movant for providing substantial assistance:  a motion under Fed.R.Crim.P. 35(b) and one under U.S.S.G. § 5K1.1.  *United States v. Moran*, 325 F.3d 790, 793 (6th Cir. 2003).  "[T]he only practical difference between Rule 35(b) and U.S.S.G. 5K1.1 is a matter of timing."  *Id.* (quoting *United States v. Doe*, 93 F.3d 67, 68 (2nd Cir. 1996)).  "[Section] 5K1.1 is based on substantial assistance before sentencing while Rule 35(b) is based on substantial assistance after sentencing."  *Id.*  As noted above, at sentencing, the United States moved for a § 5K1.1 motion, which the Court granted.  (Docket # 48 at 182, Docket # 49 at 187.)

---

[7] In his own words, Movant argues as follows (Docket # 36 at 129):

Ground three:  Prosecutorial misconduct.

Supporting facts:  Petitioner entered into a proffer agreement with the prosecutor without sufficient counsel present.  Petitioner supplied prosecution with information that led to evidence obtained from a property search of another inmate.  Petitioner also kept prosecution apprised of information crucial to their case.  During final sentencing prosecution stated that time deducted from the proffer agreement was calculated into the sentence.  87 months was the original plea agreement before any additional agreement was made.

According to Movant, he made a "Rule 35[b] offer on the day of his change of plea hearing, and the proffer agreement he made with [the United States] was approximately three weeks later." (Docket # 52 at 227.) Rule 35(b)(1) provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." The United States apparently decided not to file a Rule 35(b) motion (as one year has passed since Movant's November 2017 sentencing, without the United States filing such a motion).

With two exceptions, the Court will not second guess the United States' decision not to file a Rule 35(b) motion. *United States v. Woods*, 533 F. App'x 594, 600 (6th Cir. 2013). The first exception applies "if the [United States] agreed to file such a motion in exchange for [Movant's] cooperation." *Id.* (citing *United States v. Benjamin*, 138 F.3d 1069, 1073-74 (6th Cir. 1998)). The first exception is inapplicable to the facts of this case because there was no indication that the United States agreed to file such a motion.[8] The second exception applies if Movant makes a "substantial threshold showing of an unconstitutional motive." *Id.* (quoting *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir. 1993)). Movant has made no such showing.[9] Therefore, Movant's prosecutorial misconduct claim is without merit.

---

[8] On the contrary, the written plea agreement stated that "[n]o other promises or inducement have been or will be made to [Movant] in connection with this case, nor have any predictions or threats been made in connection with this plea," and the plea supplement stated that "there are no additional agreements beyond the plea agreement filed in this case." (Docket # 24 Paragraph 23, Docket # 25.)

At the change of plea hearing, Movant assured the Court that, other than the 87-month sentence, no one had promised him anything in exchange for his guilty pleas. (Docket # 46 at 167-68.)

The possibility of a Rule 35(b) motion was briefly touched upon at a bench conference during sentencing, but there is no indication that the United States agreed to file one. (Docket # 49.) Counsel put on the record that Movant may have provided substantial assistance for Rule 35(b) purposes. (*Id.* at 187.) The United States responded that it was "not in a position to make that [Rule 35(b)] recommendation right now," and the Court commented that "we'll cross that bridge if and when we get there." (*Id.*) The Court concluded that Movant and the United States could "talk about the housekeeping matters that may or may not lead to a Rule 35 [but] that is a follow-on agreement … not part of your plea agreement … I am not taking it into consideration at this time" for sentencing purposes. (*Id.* at 189.)

**Evidentiary hearing**

In his reply, Movant requests an evidentiary hearing on his claims. (Docket # 52 at 227.) 28 U.S.C. 2255(b) states, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Movant's motion and arguments and the evidence in the record show that Movant is not entitled to relief. Moreover, an evidentiary hearing is unnecessary because there is no factual dispute. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) ("When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required 'to determine the truth of [a movant's] claims.' A hearing is not necessary ... when [a movant's] claims 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'") (internal citations omitted).

**Certificate of appealability**

The final question is whether Movant is entitled to a certificate of appealability ("COA"). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c). The Court may issue a COA only if Movant's has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For claims rejected on the merits, this means that Movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Movant has not demonstrated that reasonable jurists would disagree whether his claims lack merit. Therefore, the Court should deny a COA.

---

[9] If Movant had made such a showing, he would be entitled to an evidentiary hearing on the matter. *See Woods*, 533 F. App'x at 600 ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive. Instead, a defendant has a right to a hearing only if he makes a substantial threshold showing of an unconstitutional motive.") (internal quotations omitted).

### RECOMMENDATION

The Magistrate Judge RECOMMENDS that the Court DENY Movant's Section 2255 motion (Docket # 36), DENY Movant's request for an evidentiary hearing, and DENY a certificate of appealability.

May 16, 2019

**Lanny King, Magistrate Judge**
**United States District Court**

### NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b) and Fed. R. Crim. P. 59(b)(2), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

May 16, 2019

**Lanny King, Magistrate Judge**
**United States District Court**